UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES J. JONES,

           Plaintiff,

                              Case No. 25-cv-599-pp

    v.

LELAND DUDEK,

           Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYING FILING FEE (DKT. NO. 3)**

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Federal law requires a person who files a complaint in federal court to pay $405—a filing fee of $350 (28 U.S.C. §1914(a)) and a $55 administrative fee (Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective the December 1, 2023, #14). To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff indicates that he is

1

not employed, he is not married and he has two dependents, ages 5 and 6, that he is responsible for supporting. Dkt. No. 3 at 1. The plaintiff attests that he has no income and monthly expenses of $2,135 ($725 rent, $1,410 other household expenses). Id. at 2-3. The plaintiff says he owns a 2013 Chevrolet Malibu worth approximately $5,000, that he does not own a home or any other property of value and that he has no cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states, "I reside with my significant other . . . She is supporting me. She pays the rent and utilities and for my clothing, toiletries, etc. I have no personal income. I receive Medicaid." Id. at 4. The plaintiff has demonstrated that he cannot pay the $405 fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that he was denied Social Security Disability Insurance and Supplemental Security Income for lack of disability. Dkt. No. 1 at 1. The plaintiff states that he is disabled and that the conclusions and findings of fact by the Commission when denying benefits are not

supported by substantial evidence and are contrary to federal laws and regulations. Id. at 2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 28th day of April, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

3